Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 08 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

Atlanta Division

Pro.se

Daniel Marrix

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

The City of Atlanta/Park&Rec

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No 1 : 25 -CV- 6988

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Daniel Marrix
Street Address          2353 Artose Drive
City and County         Marietta Ga
State and Zip Code      Georgia 30060
Telephone Number        404 759 7840
E-mail Address          Idrishuuee@gmail.com

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No.5

Name                    Quentin Moore
Job or title
Street address          68 mitchell st sw
City and county         Atlanta fulton
State and zipcode       georgia
Telephone number
e-mail Address

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                        ERIC ROSS
Job or Title *(if known)*    Supervisor
Street Address              555 Ralp mcgill
City and County             ATLANT Fulton
State and Zip Code          Georgia
Telephone Number
E-mail Address *(if known)*

Defendant No. 2

Name                        Toney Smart
Job or Title *(if known)*    Operation manager
Street Address              68 mitchell St. SW
City and County             ATLANTA Fulton
State and Zip Code          Georgia 30303
Telephone Number
E-mail Address *(if known)*

Defendant No. 3

Name                        Daniel Jones
Job or Title *(if known)*    HR Director
Street Address              68 Mitchell St. SW
City and County             ATLANTA Fulton
State and Zip Code          Georgia 30303
Telephone Number
E-mail Address *(if known)*

Defendant No. 4

Name                        Douglas loss
Job or Title *(if known)*
Street Address              68 mitchell St SW
City and County             ATLANTA Fulton
State and Zip Code          Georgia 30303
Telephone Number
E-mail Address *(if known)*

Page 2 of 5

**II.     Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.     If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Relaliation Title VII (7), US Code 42 U.S.C. Sec) 1212, 12112, 12101 Discrimination sob (b)(5),(5A) ADA Title 1, Title 2 (11) section 504. FMLA 29 USC section 2601, 29 CFr part 825 (Public Law 103-3) 29 USC 2601, section 825, 200(b)(42 USC Sec)201 (29 USC 621)

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship** (Wrong foll Termination

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual
        The plaintiff, *(name)* DANIEL MARRIA                    , is a citizen of the
        State of *(name)* GEORGIA                    .

   b.    If the plaintiff is a corporation
        The plaintiff, *(name)* _____ , is incorporated
        under the laws of the State of *(name)* _____ ,
        and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual
        The defendant, *(name)* _____ , is a citizen of
        the State of *(name)* _____ . Or is a citizen of
        *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* The City of Atlanta , is incorporated under

the laws of the State of *(name)* Georgia , and has its

principal place of business in the State of *(name)* Georgia .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy is more than 75,000

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

My X Supervisor retaliated against me when I filed 3 grievances against him. I had a on the job injury erick ross supervisor didn't refer me to Physician Panel, erick didn't fill out the WCI injury report he didn't submit injury report to insurer Nor did he submit Drs report stating I was to be off for 7 days. resulting in denile of workers compensation. Then Daniell Jones, Hr Director and ada coordinator call me in work against my doctors orders that I be out for 6 to 9 months Daniell Jones call me in at 5½ months and on my return at Daniel Jones reduest I returned 4-17-2023 and was injored as mentioned above. Daniel Jones then charged me with abandonment and when I sent her the schedulday of Drs-Note she dropped the abandonment charge.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.    Punitive Damages A Jury Trial, Judgement against

(1) Compensatory and Punitive Damages A Jury Trial, Judgement against The Defendants, (The City of Atlanta) for all actual and general damages suffered by the plaintiff. lost wages and benifits Pain and suffering emotional distress resulting from intention malice, retaliation, fraud.

(2) Punitive Damages Monell Liability Judgement against The City of Atlanta for punitive damages in the amount to be determined by The Court. and I ask for lealy permend any and all Pleadings as The evidence is made available through Discovery

Page 4 of 5

addendum on page 4 of 5 statement of claim after Daniell Joue Took The abandonment charge atway after My Proof of Doctors Note. She imidially Placed Me on administrative leave, and Then after administrative leave, of 60 days she started My Termination Process and elentualy Terminated Me for Not being able To Perfor The duys of My Job in violation of My 1st amreudment constitutional rights and inviolation of My 12Th amreudment rights

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under <u>Federal Rule of Civil Procedure 11</u>, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff DANIEL MURRIN

### B.    For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

Case 1:25-cv-06988-SEG-JHR   Document 2   Filed 12/29/25   Page 8 of 74

 Gmail

**DANIEL MARRIA <idrisnijee@gmail.com>**

---

## Response: Your Civil Rights Division Report - 666719-VXW from the Disability Rights Section

9 messages

---

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>   Fri, Sep 19, 2025 at 7:41 AM
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: idrisnijee@gmail.com

 **U.S. Department of Justice**
**Civil Rights Division**

| civilrights.justice.gov

Sep 19, 2025

**VIA EMAIL** idrisnijee@gmail.com

Daniel Marria

EEOC Charge Against: City of Atlanta
EEOC No.: 410-2023-10339

Dear Daniel Marria,

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice (the Department) will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to find an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Atlanta District Office
https://www.eeoc.gov/field-office/atlanta/location

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.
Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

Sincerely,

Title I Complaint Intake Unit
US Department of Justice
Disability Rights Section
ADA.EEOCcharges@usdoj.gov

Enclosures:
Notice of Rights under the ADAAA

---

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

-

**The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

-In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as:  functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

-**Only one** major life activity need be substantially limited.

-With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

-An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

-An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

-An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

-"Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

-The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

-A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

CC: idrisnijee@gmail.com, cfreemandease@jfllc.com, IVAN.GARCIA@EEOC.GOV

## Contact
—

civilrights.justice.gov

mail    U.S. Department of Justice
        Civil Rights Division
        950 Pennsylvania
        Avenue, NW
        Washington, D.C. 20530-
        0001

phone   (202) 514-3847
        1-855-856-1247 (toll-free)
        Telephone Device for the
        Deaf
        (TTY) (202) 514-0716

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                    Tue, Oct 21, 2025 at 3:57 PM
To: sorduno@hkw-law.com

---------- Forwarded message ---------
From: **DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>
Date: Fri, Sep 19, 2025, 7:41 AM
Subject: Response: Your Civil Rights Division Report - 666719-VXW from the Disability Rights Section
To: <idrisnijee@gmail.com>



**U.S. Department of Justice**
# Civil Rights Division

| civilrights.justice.gov

Sep 19, 2025

**VIA EMAIL** idrisnijee@gmail.com

Daniel Marria

EEOC Charge Against: City of Atlanta
EEOC No.: 410-2023-10339

Dear Daniel Marria,

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice (the Department) will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to find an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Atlanta District Office
https://www.eeoc.gov/field-office/atlanta/location

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case. Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

Sincerely,

12/6/25, 2:39 PM
Case 1:25-cv-06988-SEG-JHR   Document 2   Filed 12/29/25   Page 12 of 74
Gmail - Response Your Civil Rights Division Report - 866718-YYM from the Disability Rights Section

Title I Complaint Intake Unit
US Department of Justice
Disability Rights Section
ADA.EEOCcharges@usdoj.gov

Enclosures:
Notice of Rights under the ADAAA

---

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

-

**The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

-In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as:  functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

-**Only one** major life activity need be substantially limited.

-With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

-An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

-An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

-An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

-"Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

-The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

-A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

CC: idrisnijee@gmail.com, cfreemandease@jfllc.com, IVAN.GARCIA@EEOC.GOV

## Contact

### civilrights.justice.gov

 mail

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

phone

(202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
(TTY) (202) 514-0716

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
Draft

Sun, Oct 26, 2025 at 2:21 PM

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
To: consultations@justiceatwork.com

Sun, Oct 26, 2025 at 2:26 PM

[Quoted text hidden]

Case 1:25-cv-06988-SEG-JHR    Document 2    Filed 12/29/25    Page 14 of 74

**DANIEL MARRIA** <idrisnijee@gmail.com>
To: melissa@beal.law

Mon, Oct 27, 2025 at 4:37 PM

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
Draft

Fri, Oct 31, 2025 at 2:20 PM

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
Draft

Fri, Oct 31, 2025 at 2:29 PM

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
Draft

Fri, Oct 31, 2025 at 2:31 PM

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>
To: intake@flandgatrialattorneys.com

Fri, Oct 31, 2025 at 2:41 PM

[Quoted text hidden]

Exhibit A

**EXHIBIT B**

Exhibit C

Exhibit D

**EXHIBIT E**

# Exhibit F

# Exhibit G

April 20, 2023

**EMORY**
HEALTHCARE

**Patient:** Daniel Marria
**Date of Birth:** 12/29/1959
**Date of Visit:** 4/20/2023

**Department** EMORY UNIVERSITY
**Information:** HOSPITAL MIDTOWN
EMORY UNIVERSITY
HOSPITAL MIDTOWN
550 PEACHTREE ST NE
ATLANTA GA 30308-2247

To Whom It May Concern:

Daniel Marria was seen and treated in our emergency department on 4/20/2023.
He may return to work on 4/21/2023.

NOTE: If symptoms continue and the employee is unable to perform the full duties of their job by this date please advise the employee to return to this facility or make an appointment with the referral physician for further evaluation.

DocuSign Envelope ID: 0DE6FB9B-B9C2-4229-8464-7B7BA46134D3



# CITY OF ATLANTA

**ANDRE DICKENS**
**MAYOR**

68 MITCHELL STREET, SW, SUITE 2120,   ATLANTA, GEORGIA  30303
Telephone: (404) 330-6260

**DEPARTMENT OF HUMAN RESOURCES**
**TARLESHA WILLIAMS SMITH, Esq.**
**COMMISSIONER**

**EMPLOYEE BENEFITS**
**BETTY SEAY**
**INTERIM MANAGER**

January 6, 2023

Daniel Marria
658 Lindbergh Drive
Apt. 1226
Atlanta, GA 30324

Dear Mr. Marria:

Your request for use of Family Medical Leave has been received and approved effective November 02, 2022 and continuing through close of business January 06, 2023. This represents 9 weeks and 3 days of Family Medical Leave. The Family Medical Leave Act of 1993 establishes that employees are entitled to a total of 12 administrative work weeks of leave (480 work hours) during any 12 month period.

At the expiration of your family medical leave, you are entitled to return to your former position or to a position of equal grade and pay without loss of any rights, providing you have complied with the terms of the leave as specified in this letter and in the Atlanta Civil Service Code.

You are expected to return to work the next scheduled work day after your family medical leave ends. If you work in a 24 hour per day, 7 day a week shift operation, please contact your department one week before returning to work to determine your return to work date and shift. If you are unable to return to work at the expiration of your family medical leave, you are expected to contact your supervisor to discuss other appropriate leave options. Please be advised that failure to comply with these terms may result in your release from employment.

Should you have any questions on the above, please contact Sarina Powell, Leave Administrator at 404-865-8716.

If you are on Leave Without Pay, you are responsible for paying your insurance premiums to continue your insurance coverage during your leave. Please contact the Insurance Division at 404-330-6036 to make arrangements to pay premiums over-the-counter. If premiums are not paid according to the arrangement, insurance coverage for yourself and any covered dependents will be terminated.

Sincerely,

Danielle Nichols, Deputy Commissioner
Department of Human Resources

cc:  Michaela Bush
     Department - DPR

**Certification of Health Care Provider for
Employee's Serious Health Condition
under the Family and Medical Leave Act**

**U.S. Department of Labor
Wage and Hour Division**



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR.
RETURN TO THE PATIENT.

OMB Control Number: 1235-0003
Expires: 6/30/2023

The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. 29 U.S.C. §§ 2613, 2614(c)(3); 29 C.F.R. § 825.305. The employer must give the employee **at least 15 calendar days** to provide the certification. If the employee fails to provide complete and sufficient medical certification, his or her FMLA leave request may be denied. 29 C.F.R. § 825.313. Information about the FMLA may be found on the WHD website at www.dol.gov/agencies/whd/fmla.

## SECTION I – EMPLOYER

Either the employee or the employer may complete Section I. While use of this form is optional, this form asks the health care provider for the information necessary for a complete and sufficient medical certification, which is set out at 29 C.F.R. § 825.306. **You may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308.** Additionally, you **may not** request a certification for FMLA leave to bond with a healthy newborn child or a child placed for adoption or foster care.

Employers must generally maintain records and documents relating to medical information, medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

(1) Employee name: __Daniel_____ _____ ____Marria_____
                      *First*                        *Middle*                  *Last*

(2) Employer name: __City of Atlanta_____    Date: _____ *(mm/dd/yyyy)*
                                                           *(List date certification requested)*

(3) The medical certification must be returned by _____ *(mm/dd/yyyy)*
    *(Must allow at least 15 calendar days from the date requested, unless it is not feasible despite the employee's diligent, good faith efforts.)*

(4) Employee's job title: __Parks Worker III_____ Job description (☐ is / ☐ is not) attached.
    Employee's regular work schedule: _____
    Statement of the employee's essential job functions: _____

*(The essential functions of the employee's position are determined with reference to the position the employee held at the time the employee notified the employer of the need for leave or the leave started, whichever is earlier.)*

## SECTION II - HEALTH CARE PROVIDER

Please provide your contact information, complete all relevant parts of this Section, and sign the form. Your patient has requested leave under the FMLA. The FMLA allows an employer to require that the employee submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to the serious health condition of the employee. For FMLA purposes, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves *inpatient care* or *continuing treatment by a health care provider*. For more information about the definitions of a serious health condition under the FMLA, see the chart on page 4.

You may, but are **not required** to, provide other appropriate medical facts including symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment. Please note that some state or local laws may not allow disclosure of private medical information about the patient's serious health condition, such as providing the diagnosis and/or course of treatment.

SOCIAL SECURITY ADMINISTRAT
401 WEST PEACHTREE ST., N
SUITE 2860
ATLANTA, GA 3030

12-16-2022

**Employee Name:** _Daniel Marnia_

**Health Care Provider's name:** *(Print)* _Dr. Allan Pickens_

**Health Care Provider's business address:** _550 Peachtree St. NE Atlanta, GA 30308_

**Type of practice / Medical specialty:** _Cardiothoracic Surgery / Thoracic Surgery_

**Telephone:** (404) 686-2513   **Fax:** (404) 686-4959   **E-mail:** _____

## PART A: Medical Information

Limit your response to the medical condition(s) for which the employee is seeking FMLA leave. Your answers should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. **After completing Part A, complete Part B to provide information about the amount of leave needed.** Note: For FMLA purposes, "incapacity" means the inability to work, attend school, or perform regular daily activities due to the condition, treatment of the condition, or recovery from the condition. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b).

(1) State the approximate date the condition started or will start: _11/2/2022_  *(mm/dd/yyyy)*

(2) Provide your **best estimate** of how long the condition lasted or will last: _Refer to Primary Care Provider_

(3) Check the box(es) for the questions below, as applicable. For all box(es) checked, the amount of leave needed must be provided in Part B.

☑ **Inpatient Care**: The patient (☑ has been / ☐ is expected to be) admitted for an overnight stay in a hospital, hospice, or residential medical care facility on the following date(s): _11/2/2022 to 11/5/2022_

☐ **Incapacity plus Treatment**: *(e.g. outpatient surgery, strep throat)*
Due to the condition, the patient (☐ has been / ☐ is expected to be) incapacitated for *more than* three consecutive, full calendar days from _____ *(mm/dd/yyyy)* to _____ *(mm/dd/yyyy)*.

The patient (☐ was / ☐ will be) seen on the following date(s): _____

The condition (☐ has / ☐ has not) also resulted in a course of continuing treatment under the supervision of a health care provider *(e.g. prescription medication (other than over-the-counter) or therapy requiring special equipment)*

☐ **Pregnancy**: The condition is pregnancy. List the expected delivery date: _____ *(mm/dd/yyyy)*.

☐ **Chronic Conditions**: *(e.g. asthma, migraine headaches)* Due to the condition, it is medically necessary for the patient to have treatment visits at least twice per year.

☐ **Permanent or Long Term Conditions**: *(e.g. Alzheimer's, terminal stages of cancer)* Due to the condition, incapacity is permanent or long term and requires the continuing supervision of a health care provider (even if active treatment is not being provided).

☐ **Conditions requiring Multiple Treatments**: *(e.g. chemotherapy treatments, restorative surgery)* Due to the condition, it is medically necessary for the patient to receive multiple treatments.

☐ **None of the above**: If none of the above condition(s) were checked, (i.e., inpatient care, pregnancy) no additional information is needed. Go to page 4 to sign and date the form.

**Employee Name:** _Daniel Marria_

(4)  If needed, briefly describe other appropriate medical facts related to the condition(s) for which the employee seeks FMLA leave. *(e.g., use of nebulizer, dialysis)* _See History & Physical, Operative Note, and Discharge Summary._

## PART B: Amount of Leave Needed
For the medical condition(s) checked in Part A, complete all that apply. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage.

(5)  Due to the condition, the patient (☑ had / ☐ will have) **planned medical treatment(s)** (scheduled medical visits) *(e.g. psychotherapy, prenatal appointments)* on the following date(s): _11/2/2022 to 11/5/2022_

(6)  Due to the condition, the patient (☐ was / ☐ will be) **referred to other health care provider(s)** for evaluation or treatment(s).

State the nature of such treatments: *(e.g. cardiologist, physical therapy)* _____

Provide your **best estimate** of the beginning date _____ *(mm/dd/yyyy)* and end date _____ *(mm/dd/yyyy)* for the treatment(s).

Provide your **best estimate** of the duration of the treatment(s), including any period(s) of recovery *(e.g. 3 days/week)*

(7)  Due to the condition, it is medically necessary for the employee to work a **reduced schedule**.

Provide your **best estimate** of the reduced schedule the employee is able to work. From _____ *(mm/dd/yyyy)* to _____ *(mm/dd/yyyy)* the employee is able to work: *(e.g., 5 hours/day, up to 25 hours a week)*

(8)  Due to the condition, the patient (☐ was / ☐ will be) **incapacitated for a continuous period of time**, including any time for treatment(s) and/or recovery.

Provide your **best estimate** of the beginning date _11/2/2022_ *(mm/dd/yyyy)* and end date _01/19/2022_ *(mm/dd/yyyy)* for the period of incapacity.

(9)  Due to the condition, it (☐ was / ☐ is / ☐ will be) medically necessary for the employee to be absent from work on an **intermittent basis** (periodically), including for any episodes of incapacity i.e., episodic flare-ups. Provide your **best estimate** of how often (frequency) and how long (duration) the episodes of incapacity will likely last.

Over the next 6 months, episodes of incapacity are estimated to occur _____ times per (☐ day / ☐ week / ☐ month) and are likely to last approximately _____ (☐ hours / ☐ days) per episode.

Form WH-380-E, Revised June 2020

Employee Name: _Daniel Marria_

## PART C: Essential Job Functions

If provided, the information in Section I question #4 may be used to answer this question. If the employer fails to provide a statement of the employee's essential functions or a job description, answer these questions based upon the employee's own description of the essential job functions. An employee who must be absent from work to receive medical treatment(s), such as scheduled medical visits, for a serious health condition is considered to be *not able* to perform the essential job functions of the position during the absence for treatment(s).

(10)  Due to the condition, the employee (☐ was not able / ☐ is not able / ☐ will not be able) to perform *one or more* of the essential job function(s). Identify at least one essential job function the employee is not able to perform:

Signature of
Health Care Provider _____  Date __11/22/22__ *(mm/dd/yyyy)*

| Definitions of a Serious Health Condition *(See 29 C.F.R. §§ 825.113-.115)* |
|---|
| **Inpatient Care** |
| • An overnight stay in a hospital, hospice, or residential medical care facility. <br> • Inpatient care includes any period of incapacity or any subsequent treatment in connection with the overnight stay. |
| **Continuing Treatment by a Health Care Provider (any one or more of the following)** |
| **Incapacity Plus Treatment**: A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves either: <br><br> o Two or more in-person visits to a health care provider for treatment within 30 days of the first day of incapacity unless extenuating circumstances exist. The first visit must be within seven days of the first day of incapacity; or, <br><br> o At least one in-person visit to a health care provider for treatment within seven days of the first day of incapacity, which results in a regimen of continuing treatment under the supervision of the health care provider. For example, the health provider might prescribe a course of prescription medication or therapy requiring special equipment. |
| **Pregnancy**: Any period of incapacity due to pregnancy or for prenatal care. |
| **Chronic Conditions**: Any period of incapacity due to or treatment for a chronic serious health condition, such as diabetes, asthma, migraine headaches. A chronic serious health condition is one which requires visits to a health care provider (or nurse supervised by the provider) at least twice a year and recurs over an extended period of time. A chronic condition may cause episodic rather than a continuing period of incapacity. |
| **Permanent or Long-term Conditions**: A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective, but which requires the continuing supervision of a health care provider, such as Alzheimer's disease or the terminal stages of cancer. |
| **Conditions Requiring Multiple Treatments**: Restorative surgery after an accident or other injury; or, a condition that would likely result in a period of incapacity of more than three consecutive, full calendar days if the patient did not receive the treatment. |

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 15 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR. RETURN TO THE PATIENT.**

Form WH-380-E, Revised June 2020

1 of 1

CITY OF ATLANTA
DEPARTMENT OF HUMAN RESOURCES

EMPLOYEE GRIEVANCE FORM

Employee Name Daniel Morris          Phone No. (W) 404-873-____
Address 658 Lindbergh Dr             Pos. No.          Classification _____
Department Parks and Recreation      Bureau _____      Work Location 553 calp____
Representative Harriet Leah Jordan   Date _____
Nature of Grievance Retaliation verbal and to stop sabotaging my efforts
to be the best cab worker I can be...

Seeking Remedy for ___ relief and to stop verbal disrespect and retaliation
this co-wker find Ollie Kelous and Eckner to correct obligations...

**EMPLOYEE SHOULD NOT WRITE BELOW THIS LINE**

Name_ Eric Bess _____     Date_____
Signature_ _____
Findings and Decision_____

**1  IMMEDIATE SUPERVISOR – FILL OUT ABOVE AND RETAIN COPY FOR YOUR RECORDS**
**RETURN TO EMPLOYEE WITHIN THREE (3) DAYS OF RECEIPT**
To be submitted to Division/Unit Supervisor within three (3) days of failure to reach settlement

Name_ Tony Sparks _____     Date_ 7/22/8/
Signature_ _____
Findings and Decision_ Sought begin conducting interviews with Mr.
Howard and Mr. Ross
after investigation I found all claims unsubstantiated

**2  DIVISION/UNIT SUPERVISOR – FILL OUT ABOVE AND RETAIN COPY FOR YOUR RECORDS**
**RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT**
To be submitted to Bureau Director within three (3) days of failure to reach settlement

Name_____     Date_____
Signature_____
Findings and Decision_____

**3  BUREAU DIRECTOR – FILL OUT ABOVE AND RETAIN COPY FOR YOUR RECORDS**
**RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT**
To be submitted to Department Commissioner within three (3) days of failure to reach settlement

Name_____     Date_____
Signature_____
Findings and Decision_____

**4  DEPARTMENT COMMISSIONER – FILL OUT ABOVE AND RETAIN COPY FOR YOUR RECORDS**
**RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT**

TO THE EMPLOYEE:  IF YOU STILL DISAGREE WITH THE DECISION AND WISH TO PURSUE YOUR
GRIEVANCE, YOU MAY DO SO WITHIN THREE (3) DAYS BY SIGNING THIS FORM AND FORWARDING
IT TO THE DEPARTMENT OF HUMAN RESOURCES, 68 MITCHELL STREET SW, SUITE 2150, ATLANTA,
GA 30303.  NOTE: THIS PROVISION DOES NOT APPLY TO SWORN PERSONNEL IN POLICE OR FIRE.

EMPLOYEE SIGNATURE_____     DATE 02/3/__

2 of 1

**CITY OF ATLANTA**
**BUREAU OF LABOR RELATIONS**

**EMPLOYEE GRIEVANCE FORM**
Atlanta City Code of Ordinance 114-516-114-525

Employee Name DANIEL MARRIX                Phone No. (W) 404 879 8570 (H) _____

Address _____  POS No. OPr 3 Classification _____

Department Parks Dep          Bureau Parks       Work Location 555 ralphcgill

Representative _____          Date _____

Nature of Grievance: Forced over time, and changing Travel time at lunch from 15:00 To Ten min

Remedy Requested: Stop Supervisor Erick ross forms of harrasment, and working The gray areas of the city of Atlanta Policy To continue To harras me!

Employee Signature _____          Date 10-13-2022

EMPLOYEE SHOULD NOT WRITE BELOW THIS LINE

**1.** IMMEDIATE SUPERVISOR - FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN THREE (3) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name Eric Koss                          Date 10/14/22

Signature Eric Ross

Findings and Decision: Daniel Marria is making excuses for not doing his assigned duties which is to run the garbage route efficiently.

**2.** DIVISION/UNIT SUPERVISOR-FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name _____          Date _____

Signature _____

Findings and Decision: _____

**3.** BUREAU DIRECTOR/DEPUTY COMMISSIONER-FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name _____          Date _____

Signature _____

Findings and Decision: _____

**4.** DEPARTMENT COMMISSIONER-FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name _____          Date _____

Signature _____

Findings and Decision: _____

**5.** TO THE EMPLOYEE: If you still disagree with the decision and wish to pursue your grievance you may do so within three (3) days by forwarding this document to:
Department of Human Resources
68 Mitchell Street SW
Suite 2150
Atlanta, Ga 30303

NOTE: THIS PROVISION DOES NOT APPLY TO SWORN PERSONNEL IN THE DEPARTMENT OF PUBLIC SAFETY.

3 of 4

**CITY OF ATLANTA**
**BUREAU OF LABOR RELATIONS**

**EMPLOYEE GRIEVANCE FORM**
Atlanta City Code of Ordinance 114-516-114-525

Employee Name DANIEL MARRIX                    Phone No. (W) 404 879 8570 (H) _____

Address _____    POS No. _____    Classification _____

Department Parks Dept          Bureau Parks        Work Location 555 (abracqill)

Representative _____                    Date _____

Nature of Grievance: Bullying, erratic Behavior in and outside of Truck Distracting safe
operation of vehicles

Remedy Requested: _____

Employee Signature _____    Date 0-13-2022

**IMPLOYEE SHOULD NOT WRITE BELOW THIS LINE**

**1.** IMMEDIATE SUPERVISOR – FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN THREE (3) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name Eric Ross                    Date 10/14/22

Signature Eric Ross

Findings and Decision: I discovered no evidence of bullying against Daniel Marria,
Jeffrey Hownd accused Mr. Marria of bad behavior in the work place.

**2.** DIVISION / UNIT SUPERVISOR – FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name Tony Smart                    Date 10/24/2022

Signature _____

Findings and Decision: After interviewing Mr. Ross + Mr. Hownd I find that the claims
are unfounded and baseless.

**3.** BUREAU DIRECTOR / DEPUTY COMMISSIONER – FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name _____                    Date _____

Signature _____

Findings and Decision: _____

**4.** DEPARTMENT COMMISSIONER – FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name _____                    Date _____

Signature _____

Findings and Decision: _____

**5.** TO THE EMPLOYEE: If you still disagree with the decision and wish to pursue your grievance, you may do so
within three (3) days by forwarding this document to:
Department of Human Resources
68 Mitchell Street SW
Suite 2150
Atlanta, Ga 30303

NOTE: THIS PROVISION DOES NOT APPLY TO SWORN PERSONNEL IN THE DEPARTMENT OF PUBLIC SAFETY.

**CITY OF ATLANTA**
**BUREAU OF LABOR RELATIONS**

**EMPLOYEE GRIEVANCE FORM**
Atlanta City Code of Ordinance 114-516-114-525

Employee Name DANIEL MARRIX                    Phone No. (W) 404 879 8570(H)

Address                                         POS No. OPr 3 Classification

Department Parks Dep          Bureau Parks          Work Location 555 ralpmcqill

Representative                                         Date

Nature of Grievance: Forced over time, and changing Travel time at lunch from 15:00 To TEN MIN

Remedy Requested: Stop Supervisor Erick ross forms of harrasment, and working
The gray areas of the city of Atlanta Policy To conlinxu To harras me!

Employee Signature                              Date 10-13-2022

EMPLOYEE SHOULD NOT WRITE BELOW THIS LINE

**1.** IMMEDIATE SUPERVISOR - FILL OUT THIS PORTION AND RETAINS FOR YOUR RECORDS
RETURNS TO EMPLOYEE WITHIN THREE (3) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name Eric Ross                                  Date 10/14/22

Signature Eric Ross

Findings and Decision: Daniel Marria is making excuses for not doing his
assigned duties which is to run the garbage route efficiently.

**2.** DIVISION/UNIT SUPERVISOR - FILL OUT THIS PORTION AND RETAINS FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name                                            Date

Signature

Findings and Decision:

**3.** BUREAU DIRECTOR/DEPUTY COMMISSIONER FILL OUT THIS PORTION AND RETAIN FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name                                            Date

Signature

Findings and Decision:

**4.** DEPARTMENT COMMISSIONER FILL OUT THIS PORTION AND RETAINS FOR YOUR RECORDS
RETURN TO EMPLOYEE WITHIN FIVE (5) DAYS OF RECEIPT

TO BE SUBMITTED WITHIN THREE (3) DAYS OF FAILURE TO REACH SETTLEMENT

Name                                            Date

Signature

Findings and Decision:

**5.** TO THE EMPLOYEE: If you still disagree with the decision and wish to pursue your grievance. You may do so within three (3) days by forwarding this document to:
Department of Human Resources
68 Mitchell Street SW
Suite 2150
Atlanta, Ga 30303

NOTE: THIS PROVISION DOES NOT APPLY TO SWORN PERSONNEL IN THE DEPARTMENT OF PUBLIC SAFETY.

**City of Atlanta**
**Department of Parks, Recreation and Cultural Affairs**
**Oral Admonishment Form (Non-Adverse Action)**

10/07/22

**Date**

Daniel       Marria                    Park Worker III                            60375

**Name**                              **Classification**                          **Position Number**

54058

**Employee ID Number**

City Of Atlanta Parks & Recreation

**Office**

Daniel Marria was running the garbage route servicing the Eastside Trail, while making a stop at 10th & Monroe for garbage pick up, Mr. Marria failed to empty a full can and continued on with the route.

**Employee's Offense**

Civil Code 114-528(b)(1) Negligence in performing assigned duties.

**Departmental Policy and/or City Code Violated**

10/03/22

**Date of Violation**

Was employee told corrective action was to be taken and when?        Yes ☐        No ☒

**If yes, specify:**

Did you talk to employee in private?        Yes ☒        No ☐

Was employee aware of procedure or rule?   Yes ☒        No ☐

Is the employee now aware of rule violated? Yes ☒        No ☐

**Process of Progressive Discipline**
1. Oral Admonishment (Non-Adverse Action)
2. Written Reprimand (Non-Adverse Action)
3. Suspension (Adverse Action) (Union Representative may be asked to attend)
4. Demotion (Adverse Action) (Union Representative may be asked to attend)
5. Dismissal (Adverse Action) (Union Representative may be asked to attend)

Employee's remarks concerning the violation (if desired):

_____

_____

_____

_____

Employee's Signature                                          Date  9-7-2022

Supervisor's Signature                                        Date  10/7/22

126°09 34

City of Atlanta
Department of Parks, Recreation and Cultural Affairs
Oral Admonishment Form (Non-Adverse Action)

4/22/22

**Date**

Daniel          Marria                          Park Worker III                              60375

**Name**                                         **Classification**                          **Position Number**

54058

**Employee ID Number**

City Of Atlanta Parks & Recreation

**Office**

Misconduct, including but limited to engaging in offensive conduct or language toward the public, supervisory
personnel or fellow employee.

**Employee's Offense**

Civil Code 114-528 (b) (4)

**Departmental Policy and/or City Code Violated**

4/22/22          ∴

**Date of Violation**

Was employee told corrective action was to be taken and when?          Yes ☐          No ☒

**If yes, specify:**

Did you talk to employee in private?          Yes ☒          No ☐

Was employee aware of procedure or rule?   Yes ☒          No ☐

Is the employee now aware of rule violated? Yes ☒          No ☐

**Process of Progressive Discipline**
1. Oral Admonishment (Non-Adverse Action)
2. Written Reprimand (Non-Adverse Action)
3. Suspension (Adverse Action) (Union Representative may be asked to attend)
4. Demotion (Adverse Action) (Union Representative may be asked to attend)
5. Dismissal (Adverse Action) (Union Representative may be asked to attend)

Employee's remarks concerning the violation (if desired):  I would like to talk to Mr Toney Smart Befor I sign

Refusal To Sign                                      4/23/22
**Employee's Signature**

Tony Smart                                          4-22-22
**Supervisor's Signature**                          **Date**

**COA Counseling Form**
**Bureau of parks**

**Daniel Marria**

Employee Name: _____

Classification:    PW III              Position No.:       60375

**Reason for Counseling Session:**

On Tuesday (12/03/21) Daniel Marria refused to run the garbage route with a fellow employee, he was told to clock out and leave causing another crew member to operate the garbage truck and run the route. Daniel Marria have violated Civil Code 114-528(b)(1) Negligence in performing assigned duties. Mr. Marria behavior is a violation of Civil Code 114-528(b)(4) Misconduct, including but limited to engaging in offensive conduct or language toward the public, supervisory personnel or fellow employees. It is my recommendation that more corrective action be taken if offenses continue.

_____

**Conclusion:**

Supervisor ross and would Like To Put in a grievance ── I DANIEL MARRIA Disagrees with

Employee Signature  Refuse to sign  Date  12/8/21

Supervisor Signature  Eric Kox  Date  12/8/21

## Policies Acknowledgment

Please review the documents below. Completion of this step confirms that I have read and acknowledge that I will abide by the following policies:

Sexual Harassment
Dress Code
Substance Abuse
Acceptable Use of Assets
Anti-Bullying & Workplace Violence Policy
Anti-Fraternization Policy
EEO Policy    *Daniel Marria*                                                3/1/21

E-Signature                                        E-signature Date

Please enter your last name as your E-Signature

Your e-signature acknowledges that you have reviewed and understand these policies.

Harasment

To: whom it may concern.

in writing from most Recent Back words

(1) on 9-4-2021 at approx 6:50 am I
went over too MR crick Ross and we
Reviewed The Holliday schedual he ok
ed The Schedual I went on Route at
at or around 9:20 am, 9:40 mr ross
radioed, and asked Mr Jay for Location
(Jeffery) I Relayed Leaving clifton Prk
going too westside according To holliday
schedual, he yells You, should, Know The
schedual You, been here 4 months, when
I Reminded him Looking at The schedual
we went over That, morning at 6:50 am
and sent him a Picture, he said meet him
at Tenth and Monroe when arrived, Mr. Ross
handed MR Jeffery his schedual in his hand
and put my schedual on The dashboard of
Truck 33858, when I went over To Mr.
Ross To Confirm, I had The correct sched-
ual he Nder said Yes or no he screamed
at Me In Public saying im Making Things hard
he humiliated Me in front of MR. Jeffery and
The Public.



③

and This verbal bad Performance again, was a day or Two after I wrote in The comment section about mr Jeffery howard. again Showing a pattern BY Superisor ross. That, when im compelled To write about mr howards conduct In The comments section of The Pretrip Sheet, Supervisor ross Becomes very creative In his retaliation Towards me, and it's always immidiate showing a pattern as I.le mentioned in my Past Grivance. and again he creates Smoke screen, and Scenarios, to make it appear my Performance is Bad, however it's, MY Performance is always attached To something Superhisor ross did or didn't do. In The above Mentioned Superhisor ross didn't give myself Nor mr, howard The scedules for 4-16-2022 and had To bring it To augies in The afternoon of The 4-16-2022 and although I never went off route according to The Pittsburgh schedule.

wherefore I, ask that supervisor ross not write or participate in any evaluations or recommedation he is unfair to me, and isn't capable of being inpartial - Now the next issue that arose was that we worked overtime and driver ot Littler was complaining to me about him not getting paid for overtime and blaming me for us working late Saturday and putting a bad tast in that young man mouth creating bad feelings towards. Its not my job to explain that any employee is doing overtime and not getting paid for it, thats Supervisor ross responsibility. but im in the field being placed in perilous situations with other employees Because Supervisor ross is instructing me to finish The route past 3AM. which were They Begining seeds of male content Towards me from The new employees.



⑤

and it did all of supervisor ross
individual instruction, to the litter crew
to mir howard, and myself along
with supervisor ross, giving Mr
howard the Bathroom keys. to
DhStanton symbolically Giving the
New employees The impression. That
mir Jeffery is in charge when
At the Principle. Thereo one outcance
it would be impossible for the
litter crew, New employees to
Work as a team, with the Garbage
The only outcome for the above
mentioned instructions gike by
Supervisor ross would be dissociate
in the ranks and Mutiny, and creating
The Perfect Storm for Monday 4-18-22
at State Park where The Young
man Driving The litter Truck came
up to Truck 31525 and screamed
at me saying I, Threw Mr. Jeffery
under The Bus about forthwards
Brush Being removed, and he don't
know what I, told erick But
he dont Play That.



Now The Problem is I only sent Pictures of That Brush and communicated That I couldn't find mr. Jeffery, was Put in Text To you and Supervisor erick ross and No one else I didn't communicate with No one else and mr Jeffery wasn't around me To know I sent The Picks of The Brush or The word I Put in The Text So how Did That Young man Know about me Texting I can't find mr Jeffery at fourthward or about me Texting supervisor ross at Skate Park asking him if The Killer crew was Still following me on The route.

All I Do Know is That his Tactics Put me in harms way. I do not want That Young man Near me to ask me anything!!! I, already, have Supervisor ross and mr. Jeffery.



Grievance                                              10-12-2022
Unfair Treatment Towards Me By Supervisor
erick ross.

① Supervisor erick ross Has Been Treating
Me unfairly in The folling ways. he does
Not respect The office of Parks worker 3.

② he has forced Me To work over time
Before mr Toney came To The Parks city of
atlanta and supervisor ross does it on
weekends. The Pattern is if I record Jeffery
howards conduct on The Drivers log about
Jeffery howard erratic Behavior and also
erratic, distracting Behavior while Im Driving
supervisor erick ross on Saturday or
Sunday if I have To go To The dump or
have to get fuel Supervisor erick ross
would Insist That I finish The route
and Drike from gordon and white Too Tanyard
Howard and goff at 2:45, 3:00pm
Supervisor ross Response has always Been
when I would Say to him That I'll
get Back Late he would say I get off
at 3:30pm
② Travel time from Lunch There was a
Meeting at 555 with Myself Supervisor
ross Tiller crew and it was agreed Travel
Time from lunch would be 15:00 Minutes If i
write about Jeffery howard Behavior
Supervisor ross will Change The Travel time
To Ten Minutes.                    10-13-2022

18 07 331 u1

Grievance
Bullying
On Monday 10- -2022 while Taking 10 an
Break I, Daniel marria with My back
Turned Leaning inside Truck getting MY lunch
bag Jeffery Howard came up Behind Me
Yelling at Me very, very, Loud In Tront of
The NDR News crew, and The Public Jeffery
has Been very verbally abusive To Me In The
Past and NoW I Nolonger feel safe
Driving operating any vehicle with Jeffery
howard he's had These outburst while
I was driving enroute, and on route
being a distraction To Me operating
vehicles and in concerned for My safty
and The safty of The Public and I feel
Jeffery howard verbal abuses of Me is
a form of Bullying. i

.

## COACHING SESSION

KGXD90054

| DRIVER | COACH | COACH DATE | VEHICLE |
|---|---|---|---|
| Daniel Marria | Tony Smart | Oct 22, 2021, 3:34:23 PM | 33858 |

**Behaviors Coached**

Passenger Unbelted

**Session Notes**

*Tony Smart - Oct 22, 2021, 3:34:25 PM*

I talked to Mr. Howard (not in seat belt) and Mr. Marria, Driver. I coached them on the proper usage of cOA vehicle and the proper wearing of seat belts. Both men expressed they understood and would correct their actions going forward.

**1 Event Coached**

| | | |
|---|---|---|
| **EVENT** | **VEHICLE** |  |
| EWKR08309 | 33858 | |
| **TRIGGER** | **BEHAVIORS** | |
| Braking | Passenger Unbelted | Oct 18, 2021, 1:51:58 PM EST |

**Lytx Comments**

The event was triggered due to the vehicle braking.
The passenger was not properly secured by a seatbelt.

**Event Notes**

No event notes were added.

16 of 1

**City of Atlanta**
**Department of Parks, Recreation and Cultural Affairs**
<u>Oral Admonishment Form (Non-Adverse Action)</u>

4/22/22

**Date**

Daniel        Marria                    Park Worker III                    60375

**Name**                              **Classification**                  **Position Number**

54058

**Employee ID Number**

City Of Atlanta Parks & Recreation

**Office**

Misconduct, including but limited to engaging in offensive conduct or language toward the public, supervisory personnel or fellow employee.

**Employee's Offense**

Civil Code 114-528 (b) (4)

**Departmental Policy and/or City Code Violated**

4/22/22

**Date of Violation**

Was employee told corrective action was to be taken and when?        Yes ☐        No ☒

If yes, specify:

Did you talk to employee in private?        Yes ☒        No ☐

Was employee aware of procedure or rule?    Yes ☒        No ☐

Is the employee now aware of rule violated?    Yes ☒        No ☐

**Process of Progressive Discipline**
1. Oral <u>Admonishment</u> (Non-Adverse Action)
2. Written Reprimand (Non-Adverse Action)
3. Suspension (Adverse Action) (Union Representative may be asked to attend)
4. Demotion (Adverse Action) (Union Representative may be asked to attend)
5. Dismissal (Adverse Action) (Union Representative may be asked to attend)

Employee's remarks concerning the violation (if desired): I Would Like To Talk To Mr Toney Smart Befor I Sign

Employee's Signature   Refusal To Sign                    Date  4/23/22

Supervisor's Signature   Tony Smart                        Date  4-27-22

17 of 1

**City of Atlanta**
**Department of Parks, Recreation and Cultural Affairs**
**Oral Admonishment Form (Non-Adverse Action)**

10/07/22

Date

Daniel    Marria                    Park Worker III                    60375

Name                              Classification                    Position Number

54058

Employee ID Number

City Of Atlanta Parks & Recreation

Office

Daniel Marria was running the garbage route servicing the Eastside Trail, while making a stop at 10th & Monroe for garbage pick up, Mr. Marria failed to empty a full can and continued on with the route.

Employee's Offense

Civil Code 114-528(b)(1) Negligence in performing assigned duties.

Departmental Policy and/or City Code Violated

10/03/22    ↑

Date of Violation

Was employee told corrective action was to be taken and when?        Yes ☐        No ☒

If yes, specify:

Did you talk to employee in private?        Yes ☒        No ☐

Was employee aware of procedure or rule?    Yes ☒        No ☐

Is the employee now aware of rule violated?  Yes ☒        No ☐

Process of Progressive Discipline
1. Oral Admonishment (Non-Adverse Action)
2. Written Reprimand (Non-Adverse Action)
3. Suspension (Adverse Action) (Union Representative may be asked to attend)
4. Demotion (Adverse Action) (Union Representative may be asked to attend)
5. Dismissal (Adverse Action) (Union Representative may be asked to attend)

Employee's remarks concerning the violation (if desired):

Employee's Signature                                      Date  9-7-2022

Supervisor's Signature                                    Date  18/7/22

19 of 1

 **Gmail**                          DANIEL MARRIA <idrisnijee@gmail.com>

# Daniel Marria Grievance Response and Form
4 messages

**Tucker, Latosha** <LTucker@atlantaga.gov>          Thu, Jan 6, 2022 at 1:06 PM
To: DANIEL MARRIA <idrisnijee@gmail.com>
Cc: "Voss, Doug" <DVoss@atlantaga.gov>, "Moore, Quentin"
<qdmoore@atlantaga.gov>, "Bryant, Wendell" <wambryant@atlantaga.gov>

Good Afternoon Mr. Marria and thanks for allowing me the opportunity to review and work with you to resolve your work place grievance.

I have reviewed your grievance form and interviewed all parties involved.

After careful review of the form, conducting interviews of involved parties, and very limited information provided by you to investigate this matter further, I cannot substantiate your claim of bullying and retaliation as no details were provided verbally or through your written communication on the form although it has been requested.

I have reminded all parties involved that all business of the City of Alanta must be conducted in a safe, caring and professional manner.

It is my hope that this resolves this matter and we are able to move forward in the spirit of team and professionalism.

If this is not the outcome you were seeking, please feel free to have the next level of Management help in resolving this matter. The next level of Management will be Commissioner John Dargle.

20 of 1

Sincerely,

**Latosha R. Tucker**

Parks Assistant Director

City of Atlanta

Department of Parks and Recreation

160 Trinity Ave, Suite 3133 | Atlanta, Georgia 30303

O: 404.546.4315 | C: 404.391.0177 | F: 404.546.8896

ltucker@atlantaga.gov | www.atlantaga.gov

*Vision* - *"To make Atlanta the city of choice through exceptional spaces and memorable*

*experiences that enrich the lives of residents and visitors while strengthening our communities."*

*Favorite* **Quote**-"NOTHING IS IMPOSSIBLE The Word Itself says I'm Possible" -Audrey Hepburn-

 **Daniel Marria Grievance 1-6-2022.pdf**
566K

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                Fri, Jan 7, 2022 at 2:28 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Good after noon Mrs.tucker I thank you, for everything. I would like to move forward to Mrs Darrel and I'm asking that the logs from truck 33858, and 31525

2; 67

those 2 documents will assist me in preparation  of the grievance process as well as a copy of counseling I received for Mr. Jeffery Howard not wearing his seatbelt and the policy that gave supervisor Erick Ross authorization to cite me for Mr Howard's behavior as well as the latest counseling Supervisor Ross wrote those items are to help in my Preparation for the retaliation portion of my Grievance thank you, so very much.

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>          Fri, Jan 7, 2022 at 2:42 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

DEAR MRS.TUCKER I MADE A MISTAKE IN THE NAME OF OUR COMMISSIONER MR. JOHN DARGEL! YES I WOULD LIKE TO MOVE FORWARD TOO MR.DARGELS THANK YOU, VERY MUCH DANIEL MARRIA

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>          Fri, Jan 7, 2022 at 3:00 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Mrs. Tucker I forgot one last item, my evaluation that Supervisor Ross wrote. I believes it was my 90day evaluation and Mr. Jeffery Howard's evaluation during that same period as we worked on truck 33858,31525 for my first 100.days it will also help in the retaliation portion of my Grievance it'll help me show a pattern along with the other information I have thank you, VERY MUCH! Daniel Marria

[Quoted text hidden]

*Favorite* **Quote**-"NOTHING IS IMPOSSIBLE The Word Itself says I'm Possible" -Audrey Hepburn-

---

📄 **Daniel Marria Grievance 1-6-2022.pdf**
566K

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                              Fri, Jan 7, 2022 at 2:28 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Good after noon Mrs.tucker I thank you, for everything. I would like to move forward to Mrs Darrel and I'm asking that the logs from truck 33858, and 31525 those 2 documents will assist me in preparation of the grievance process as well as a copy of counseling I received for Mr. Jeffery Howard not wearing his seatbelt and the policy that gave supervisor Erick Ross authorization to cite me for Mr Howard's behavior as well as the latest counseling Supervisor Ross wrote those items are to help in my Preparation for the retaliation portion of my Grievance thank you, so very much.
[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                              Fri, Jan 7, 2022 at 2:42 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

DEAR MRS.TUCKER I MADE A MISTAKE IN THE NAME OF OUR COMMISSIONER MR. JOHN DARGEL.! YES I WOULD LIKE TO MOVE FORWARD TOO MR.DARGELS THANK YOU, VERY MUCH DANIEL MARRIA
[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                              Fri, Jan 7, 2022 at 3:00 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Mrs. Tucker I forgot one last item, my evaluation that Supervisor Ross wrote. I believes it was my 90day evaluation and Mr. Jeffery Howard's evaluation during that same period as we worked on truck 33858,31525 for my first 100.days it will also help in the retaliation portion of my Grievance it'll help me show a pattern along with the other information I have thank you, VERY MUCH! Daniel Marria
[Quoted text hidden]

those 2 documents will assist me in preparation of the grievance process as well as a copy of counseling I received for Mr. Jeffery Howard not wearing his seatbelt and the policy that gave supervisor Erick Ross authorization to cite me for Mr Howard's behavior as well as the latest counseling Supervisor Ross wrote those items are to help in my Preparation for the retaliation portion of my Grievance thank you, so very much.

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>       Fri, Jan 7, 2022 at 2:42 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

DEAR MRS.TUCKER I MADE A MISTAKE IN THE NAME OF OUR COMMISSIONER MR. JOHN DARGEL! YES I WOULD LIKE TO MOVE FORWARD TOO MR.DARGELS THANK YOU, VERY MUCH DANIEL MARRIA

[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>       Fri, Jan 7, 2022 at 3:00 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Mrs. Tucker I forgot one last item, my evaluation that Supervisor Ross wrote. I believes it was my 90day evaluation and Mr. Jeffery Howard's evaluation during that same period as we worked on truck 33858,31525 for my first 100.days it will also help in the retaliation portion of my Grievance it'll help me show a pattern along with the other information I have thank you, VERY MUCH! Daniel Marria

[Quoted text hidden]

*Favorite* Quote-"NOTHING IS IMPOSSIBLE The Word Itself says I'm Possible" -Audrey Hepburn-

📄 **Daniel Marria Grievance 1-6-2022.pdf**
566K

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                    Fri, Jan 7, 2022 at 2:28 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Good after noon Mrs.tucker I thank you, for everything. I would like to move forward to Mrs Darrel and I'm asking that the logs from truck 33858, and 31525 those 2 documents will assist me in preparation of the grievance process as well as a copy of counseling I received for Mr. Jeffery Howard not wearing his seatbelt and the policy that gave supervisor Erick Ross authorization to cite me for Mr Howard's behavior as well as the latest counseling Supervisor Ross wrote those items are to help in my Preparation for the retaliation portion of my Grievance thank you, so very much.
[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                    Fri, Jan 7, 2022 at 2:42 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

DEAR MRS.TUCKER I MADE A MISTAKE IN THE NAME OF OUR COMMISSIONER MR. JOHN DARGEL! YES I WOULD LIKE TO MOVE FORWARD TOO MR.DARGELS THANK YOU, VERY MUCH DANIEL MARRIA
[Quoted text hidden]

---

**DANIEL MARRIA** <idrisnijee@gmail.com>                    Fri, Jan 7, 2022 at 3:00 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Mrs. Tucker I forgot one last item, my evaluation that Supervisor Ross wrote. I believes it was my 90day evaluation and Mr. Jeffery Howard's evaluation during that same period as we worked on truck 33858,31525 for my first 100.days it will also help in the retaliation portion of my Grievance it'll help me show a pattern along with the other information I have thank you, VERY MUCH! Daniel Marria
[Quoted text hidden]

 Gmail

DANIEL MARRIA <idrisnijee@gmail.com>

## Daniel Marria Grievance Response and Form

4 messages

**Tucker, Latosha** <LTucker@atlantaga.gov>                    Thu, Jan 6, 2022 at 1:06 PM
To: DANIEL MARRIA <idrisnijee@gmail.com>
Cc: "Voss, Doug" <DVoss@atlantaga.gov>, "Moore, Quentin" <qdmoore@atlantaga.gov>, "Bryant, Wendell"
<wambryant@atlantaga.gov>

Good Afternoon Mr. Marria and thanks for allowing me the opportunity to review and work with you to resolve your work
place grievance.

I have reviewed your grievance form and interviewed all parties involved.

After careful review of the form, conducting interviews of involved parties, and very limited information provided by you to
investigate this matter further, I cannot substantiate your claim of bullying and retaliation as no details were provided
verbally or through your written communication on the form although it has been requested.

I have reminded all parties involved that all business of the City of Alanta must be conducted in a safe, caring and
professional manner.

It is my hope that this resolves this matter and we are able to move forward in the spirit of team and professionalism.

If this is not the outcome you were seeking, please feel free to have the next level of Management help in resolving this
matter. The next level of Management will be Commissioner John Dargle.

Sincerely,

**Latosha R. Tucker**

Parks Assistant Director

City of Atlanta

Department of Parks and Recreation

160 Trinity Ave, Suite 3133 | Atlanta, Georgia 30303

O: 404.546.4315 | C: 404.391.0177 | F: 404.546.8896

ltucker@atlantaga.gov | www.atlantaga.gov

*Vision -* "To make Atlanta the city of choice through exceptional spaces and memorable

experiences that enrich the lives of residents and visitors while strengthening our communities."

Sincerely,


**Latosha R. Tucker**

Parks Assistant Director

City of Atlanta

Department of Parks and Recreation

160 Trinity Ave, Suite 3133 | Atlanta, Georgia 30303

O: 404.546.4315 | C: 404.391.0177 | F: 404.546.8896

ltucker@atlantaga.gov | www.atlantaga.gov


*Vision* - *"To make Atlanta the city of choice through exceptional spaces and memorable*

*experiences that enrich the lives of residents and visitors while strengthening our communities."*


*Favorite* **Quote**-"NOTHING IS IMPOSSIBLE The Word Itself says I'm Possible" -Audrey Hepburn-


 **Daniel Marria Grievance 1-6-2022.pdf**
566K


---

**DANIEL MARRIA** <idrisnijee@gmail.com>                    Fri, Jan 7, 2022 at 2:28 PM
To: "Tucker, Latosha" <LTucker@atlantaga.gov>

Good after noon Mrs.tucker I thank you, for everything. I would like to move
forward to Mrs Darrel and I'm asking that the logs from truck 33858, and 31525

 Gmail

**DANIEL MARRIA <idrisnijee@gmail.com>**

# Daniel Marria Grievance Response and Form
4 messages

**Tucker, Latosha** <LTucker@atlantaga.gov>                Thu, Jan 6, 2022 at 1:06
                                                                                    PM
To: DANIEL MARRIA <idrisnijee@gmail.com>
Cc: "Voss, Doug" <DVoss@atlantaga.gov>, "Moore, Quentin"
<qdmoore@atlantaga.gov>, "Bryant, Wendell" <wambryant@atlantaga.gov>

Good Afternoon Mr. Marria and thanks for allowing me the opportunity to review
and work with you to resolve your work place grievance.

I have reviewed your grievance form and interviewed all parties involved.

After careful review of the form, conducting interviews of involved parties, and very
limited information provided by you to investigate this matter further, I cannot
substantiate your claim of bullying and retaliation as no details were provided
verbally or through your written communication on the form although it has been
requested.

I have reminded all parties involved that all business of the City of Alanta must be
conducted in a safe, caring and professional manner.

It is my hope that this resolves this matter and we are able to move forward in the
spirit of team and professionalism.

If this is not the outcome you were seeking, please feel free to have the next level
of Management help in resolving this matter. The next level of Management will be
Commissioner John Dargle.

23074

 Gmail                                      **DANIEL MARRIA <idrisnijee@gmail.com>**

## Daniel Marria Grievance Response and Form

4 messages

**Tucker, Latosha** <LTucker@atlantaga.gov>                    Thu, Jan 6, 2022 at 1:06 PM
To: DANIEL MARRIA <idrisnijee@gmail.com>
Cc: "Voss, Doug" <DVoss@atlantaga.gov>, "Moore, Quentin" <qdmoore@atlantaga.gov>, "Bryant, Wendell"
<wambryant@atlantaga.gov>

Good Afternoon Mr. Marria and thanks for allowing me the opportunity to review and work with you to resolve your work place grievance.

I have reviewed your grievance form and interviewed all parties involved.

After careful review of the form, conducting interviews of involved parties, and very limited information provided by you to investigate this matter further, I cannot substantiate your claim of bullying and retaliation as no details were provided verbally or through your written communication on the form although it has been requested.

I have reminded all parties involved that all business of the City of Alanta must be conducted in a safe, caring and professional manner.

It is my hope that this resolves this matter and we are able to move forward in the spirit of team and professionalism.

If this is not the outcome you were seeking, please feel free to have the next level of Management help in resolving this matter. The next level of Management will be Commissioner John Dargle.

Sincerely,

**Latosha R. Tucker**

Parks Assistant Director

City of Atlanta

Department of Parks and Recreation

160 Trinity Ave, Suite 3133 | Atlanta, Georgia 30303

O: 404.546.4315 | C: 404.391.0177 | F: 404.546.8896

ltucker@atlantaga.gov | www.atlantaga.gov

*Vision* - *"To make Atlanta the city of choice through exceptional spaces and memorable*

*experiences that enrich the lives of residents and visitors while strengthening our communities."*

 Gmail                                                          DANIEL MARRIA <idrisnijee@gmail.com>

**Case CS1444199 opened - File a Discrimination Complaint with the Human Relations Commission**
5 messages

**ATL311** <ATL311Support@atlantaga.gov>                                    Thu, Jul 6, 2023 at 4:13 PM
Reply-To: ATL311Support@atlantaga.gov
To: IDRISNIJEE@gmail.com

# ATL311

### NON-EMERGENCY CITY SERVICES

## Your case for File a Discrimination Complaint with the Human Relations Commission has been submitted.

### Case Number
### CS1444199

### Case Status
### New

### Department
### OCS - Office of Constituent Services

### Date Submitted
### 07/06/2023 16:13:10 EDT

The ATL311 citizen experience includes citizen profiles which will allow you to create, track and update requests you have made. For a more personalized experience and to access all available content on the website, please register for an account with this email address.

[ Register Account ]

This email was sent to you by ATL311 Non-Emergency City Services.

© 2021 ATL311.COM | All Rights Reserved

Unsubscribe | Notification Preferences

Ref:MSG17986467_MjRI8dSbyPPWwoGgjPX

**DANIEL MARRIA** <idrisnijee@gmail.com>                                    Fri, Jul 21, 2023 at 7:02 AM
To: ATL311Support@atlantaga.gov

April 20, 2023



EMORY
HEALTHCARE

Patient:         Daniel Marrie
Date of Birth:   12/29/1959
Date of Visit:   4/20/2023

Department      EMORY UNIVERSITY
Information     HOSPITAL MIDTOWN
                EMORY UNIVERSITY
                HOSPITAL MIDTOWN
                550 PEACHTREE ST NE
                ATLANTA GA 30308
                Dept 404-686-1411

To Whom It May Concern:

Daniel Marria was seen and treated in our emergency department on 4/20/2023.
He may return to work on 04/27/2023.

NOTE: If symptoms continue and the employee is unable to perform the full duties of
their job by this date, please advise the employee to return to this facility or make an
appointment with the referral physician for further evaluation.

Uyen Hong Tran, PA

WC-1   EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

### EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

NOTE: FAILURE TO SUBMIT THIS REPORT TO INSURER IMMEDIATELY MAY RESULT IN PENALTY. MUST BE TYPED OR PRINTED IN BLACK INK.

22 of 27

| Board Claim No. | Employee Last Name Marria | Employee First Name Daniel | M.I. | Date of Injury 04/18/2023 |
|---|---|---|---|---|

## A. IDENTIFYING INFORMATION

**EMPLOYEE**
☐ Male ☐ Female | Birthdate 12/29/1958 | Phone Number 404-879-8570 | Employee E-mail

Mailing Address 2353 Arkose Drive | City Marietta | State GA | Zip Code 30060

**EMPLOYER**
Name CITY OF ATLANTA | NAICS Code 921190 | Nature of Business (Trade, Transport, Mfg.,etc.)

Mailing Address 68 MITCHELL ST. SW STE 9100 | Phone Number | Employer FEIN 58-6000511

City Atlanta | State GA | Zip Code 30303 | Employer E-mail

**INSURER / SELF-INSURER**
Name CITY OF ATLANTA c/o PMA Mgmt Corp | Insurer/Self-Insurer FEIN | Insurer/ Self-Insurer File # W004455119

**CLAIMS OFFICE**
Name PMA Mgmt Corp | Claims Office FEIN # 23-2652239 | Claims Office Phone (888) 476-2669 | Claims Office E-mail

SBWC ID# (five digit no.) | Mailing Address P. O. BOX 5231 | City JANESVILLE | State WI | Zip Code 53547-5231

**EMPLOYMENT/WAGE**
Date Hired by Employer 04/01/2021 | Job Classified Code No. | Number of Days Worked Per Week 5 | Wage rate at time of Injury or Disease: ☐ per Hour ☐ per Day ☐ per Week ☐ per Month

Insurer Type Code
☐ I – Insurer  ☒ S-Self-insurer  ☐ Group Fund | List Normally Scheduled Days Off

**INJURY/ILLNESS & MEDICAL**
Time of Injury 12:00 ☒ am ☐ pm | County of Injury Fulton | Date Employer had knowledge of Injury 04/05/2024 | Enter First Date Employee Failed to Work a Full Day

Did Employee Receive Full Pay on Date of Injury? ☐ Yes ☐ No | Did Injury/Illness Occur on Employer's premises? ☒ Yes ☐ No | Type of Injury/Illness Other specific injury | Body Part Affected Unclassified - insufficient info to properly identify

How Injury or Illness / Abnormal Health Condition Occurred
Unknown

| Treating Physician (Name and Address) | Initial Treatment Given: ☐ None ☐ Minor: By Employer ☐ Minor: Clinical/Hospital ☐ Emergency Room ☐ Hospitalized > 24hrs | Hospital / Treating Facility (Name and Address) | If Returned to Work, Give Date: <br> Returned at what wage _____ per Week <br> If Fatal, Enter Complete Date of Death |
|---|---|---|---|

Report Prepared By (Print or Type) LOREAL DRISKER | Telephone Number (470)891-9892 | Date of Report 11/19/2024

---

☐ **B. INCOME BENEFITS** Form WC-6 must be filed if weekly benefit is less than maximum

Previously Medical Only ☐ Yes ☐ No | Average Weekly Wage: $ _____ | Weekly benefit: $ _____ | Date of disability:

Date of first Payment: _____ | Compensation paid: $ _____ or Date salary paid: _____ | Penalty paid: $ _____

BENEFITS ARE PAYABLE FROM _____ FOR: _____

☐ Temporary total disability   ☐ Temporary partial disability   ☐ Permanent partial disability of _____ % to _____ for _____ weeks.

UNTIL _____ WHEN THE EMPLOYEE ACTUALLY RETURNED TO WORK WITHOUT RESTRICTIONS. ALL OTHER SUSPENSIONS REQUIRE THE FILING OF FORM WC-2 WITH THE STATE BOARD OF WORKERS' COMPENSATION AND THE EMPLOYEE.

---

☐ **C. NOTICE TO CONTROVERT PAYMENT OF COMPENSATION**

Benefits will not be paid because:

---

☐ **D. MEDICAL ONLY INJURY** (No indemnity benefits are due and/or have NOT been controverted.)

Insurer / Self-Insurer: Type or Print Name of Person Filing Form LOREAL DRISKER | Signature | Date 11/19/2024

Phone Number (470)891-9892 | E-mail

---

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov

WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000.00 PER VIOLATION (O.C.G.A. § 34-9-18 AND § 34-9-19).

WC-1   REVISION 7/2021   **1**   EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

1 OF 2

left my name and number with Lois Green.

Please reach out to Ms. Bush no later than COB tomorrow April 27th.

Danielle Jones

**From:** Bradley, Eugene <EBradley@atlantaGA.gov>
**Sent:** Wednesday, April 26, 2023 7:48 AM
**To:** Voss, Doug <DVos
<ttsmart@AtlantaGa.(
**Cc:** Bush, Michaela <r
Danielle <DMJones@.
<qdmoore@AtlantaGa
**Subject:** RE: Daniel M



I have been reaching out to Mr. Marria for the last week. Starting on 4/20/2023. Calling the numbers from the employee Information sheet we have on file for him. I have gotten no answers from the any of the numbers on files only voice recording. I left a message to call me back each time I called. I have made a call every day he was schedule to work.

*14 09 24*

 Gmail

**DANIEL MARRIA <idrisnijee@gmail.com>**

## FW: Daniel Marria- Job Abandonment
6 messages

**Jones, Danielle** <DMJones@atlantaga.gov>                                   Wed, Apr 26, 2023 at 12:09 PM
To: "idrisnijee@gmail.com" <idrisnijee@gmail.com>
Cc: "Bush, Michaela" <mibush@atlantaga.gov>, "Voss, Doug" <DVoss@atlantaga.gov>, "Bradley, Eugene"
<EBradley@atlantaga.gov>

Good Morning Mr. Marria:

It was brought to our attention that you have not been at work since last week.  You were to return to work without
restrictions on 4/17.  Currently, you are out of donated leave and only have the hours below available:

**Current Balance**

Sick -  8.000

Shared Leave  - 3.000

Vacation  - 7.692

Compensatory Time 0.570

For the paycheck on May 5, you will only be paid the hours you worked and the time that is available above.

I called the number that we have on file for you 404-879-8670 and you didn't answer.  I also called your emergency
contact this morning at 917-647-7921 and left my name and number with Lois Green.

Please reach out to Ms. Bush no later than COB tomorrow April 27th.

Danielle Jones

**From:** Bradley, Eugene <EBradley@atlantaGA.gov>
**Sent:** Wednesday, April 26, 2023 7:48 AM
**To:** Voss, Doug <DVoss@AtlantaGa.Gov>; Smart, Tony <ttsmart@AtlantaGa.Gov>
**Cc:** Bush, Michaela <mibush@AtlantaGa.Gov>; Jones, Danielle <DMJones@AtlantaGa.Gov>; Moore, Quentin
<qdmoore@AtlantaGa.Gov>
**Subject:** RE: Daniel Marria- Job Abandonment

I have been reaching out to Mr. Marria for the last week. Starting on 4/20/2023. Calling the numbers from the employee
Information sheet we have on file for him. I have gotten no answers from the any of the numbers on files only voice
recording. I left a message to call me back each time I called. I have made a call every day he was schedule to work.





1:28

**Show For Cause Hearing** Inbox

**Jones, Danielle** 7/21/2023
to me, Voss, Moore, Bus...

From   Jones, Danielle · DMJones@atlantaga.gov

To   idrisnijee@gmail.com
Voss, Doug · DVoss@atlantaga.gov
Moore, Quentin · qdmoore@atlantaga.gov
Bush, Michaela · mibush@atlantaga.gov
Harmon, Kandice K · KKHarmon@atlantaga.gov

Date   Jul 21, 2023, 9:47 AM

🔒   Standard encryption (TLS).
View security details

JUL
24   Show For Cause Hearing

🕐   Monday, July 24, 2023
12:30 – 1:00 PM

📍   Microsoft Teams Meeting; City Hall, 68 Mitchell St.
SW, Atlanta, GA 30303 (Suite 2170)

📅   12:30 PM   Show For Cause Hearing



State of Georgia
Department of Labor

## SEPARATION NOTICE

1. Employee's Name _____ Daniel Marria _____    2. SSN _____ XXX-XX-2337 _____

   a. State any other name(s) under which employee worked. _____

3. Period of Last Employment: From ___ 04/01/2021 ___    To ___ 07/31/2023 ___

4. REASON FOR SEPARATION:

   a. LACK OF WORK ☐

   b. If for other than lack of work, state fully and clearly the circumstances of the separation: ___ TERMINATION ___

_____

_____

_____

5. Employee received payment for: (Severance Pay, Separation Pay, Wages-In-Lieu of Notice, bonus, profit sharing, etc.)
(DO NOT include vacation pay or earned wages)

_____ in the amount of $ _____ for period from _____ to _____
  (type of payment)

Date above payment(s) was/will be issued to employee _____

IF EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.
_____ per month _____ % of contributions paid by employer

6. Did this employee earn at least $7,300.00 in your employ?  YES ☑  NO ☐  If NO, how much? $_____

Average Weekly Wage $_____

| | |
|---|---|
| **City of Atlanta** <br> Employer's Name | **GA D. O. L. Account Number** ___ 140355-09 ___ |
| 68 Mitchell Street, ATTN: Human Resources <br> Mailing Address | I CERTIFY that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker. |
| Atlanta    GA    30303 <br> City    State    Zip Code | |
| Employer's Telephone No. (404) 546-3589 <br> (Area Code)    (Number) | DocuSigned by: <br> *Gina Carter* <br> Signature of Official Employee E945c Employer <br> or authorized agent for the employer |

**NOTICE TO EMPLOYER**

At the time of separation, you are required by the Employment Security Law, OCGA Section 34-8-190(c), to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for separation information, you may attach a copy of this form (DOL-800) as a part of your response.

Human Resources Representative, Sr.
Title of Person Signing

08/02/2023
Date Completed and Released to Employee

---

### NOTICE TO EMPLOYEE

**OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR FIELD SERVICE OFFICE IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.**

Page 1 of 3     [ PRINT ]     [ CLEAR ]     DOL-800 (R-7/21)



# CITY OF ATLANTA
## DEPARTMENT OF PARKS AND RECREATION
### NOTICE OF PROPOSED ADVERSE ACTION

| EMPLOYEE NAME | EMPLOYEE # | BUREAU | DATE ISSUED |
|---|---|---|---|
| **Daniel Marria** | **60371** | **Parks and Recreation** | **7/17/2023** |

Please Check Appropriate Boxes and Fill-in Blank Space

**Proposed Action:** Termination      **Effective Date:** 7/31/2023

**Rule(s) Violated:** City of Atlanta Code of Ordinance Section: 114-528:

- (2) Incompetence, inability or failure to perform assigned duties, including but not limited to loss of job requirements, such as the loss of a required license.
- (20) Any other conduct or action of such seriousness that disciplinary action is considered warranted.

**Infraction:**

Per the attached ADA letter, after participating in the interactive process with Mr. Marria and the Department of Parks and Recreation and based on the accommodations outlined by his healthcare provider, it has been determined that Mr. Marria is unable to perform the essential functions of his job as a Parks Worker III.

The City of Atlanta is providing Mr. Marria 60 days from the date he was to return to work (May 29, 2023) to search for qualified jobs on the City of Atlanta's website. This offer to assist Mr. Marria with locating a position within the City does NOT guarantee you a position. The City of Atlanta is required to hire the most qualified applicant.

**To Employee:**
**You may respond to this Notice in person or in writing within five (5) business days. Failure to do so by 7/24/2023 will result in a waiver of any further Departmental Appeal. You may have a representative present, should you look to respond in person (Section 114-530 of the Civil Service Code).**

| **Respond to:** | Quentin Moore | **Telephone #:** | 404 886-9324 |
|---|---|---|---|

**Employee Signature:** _____    Date: _7-17-2023_
<sub>Signature indicates receipt only, not agreement with action taken</sub>

**Employee's Supervisor:** _____    Date: _7/17/2023_

**Commissioner's or Designee Signature:** _____    Date: _7/17/2023_

**Date Mailed:** _____
<sub>Where applicable, attach receipt</sub>

cc:    Employee – Original
        Supervisor
        Department



# CITY OF ATLANTA
## DEPARTMENT OF PARKS & RECREATION
### NOTICE OF FINAL ADVERSE ACTION

| EMPLOYEE NAME | EMPLOYEE # | DEPARTMENT | DATE ISSUED |
|---|---|---|---|
| **Daniel Marria** | **54058** | **DEPARTMENT** | **7/27/2023** |

Please Check Appropriate Boxes and Fill-in Blank Space

**Date NPAA Issued:**  7/17/2023          **Employee Response:**  07/24/2023

_____Written \_\_\_X\_\_Oral

Please Check Appropriate Boxes

---

**Summary of Employee Response:**

On Monday July 24, 2023, the Show for Cause hearing for Daniel Marria was held at City Hall, OLER conference room.  The attendees were:

- Kandice Harmon
- Douglas Voss
- Quentin Moore
- Michaela Bush
- Danielle Jones
- Daniel Marria

Mr. Marria expressed that he had very few words.  Mr. Marria stated that he was out for 5 months for a medical reason.  The doctor recommended 6 months, but he asked if he could come back under ADA so he can see where he was at.  Mr. Marria came back on under litter on the 17th of April and his leg went out on the 18th.  He went to several medical doctors, and several other doctors for different treatments.

Mr. Marria said he received his password and at this time he still has trouble accessing a computer.  Danielle Jones stated to Mr. Marria that she advised him in the past that he was more than welcome use any library or recreation center as previously discussed.  It was also advised that he was sent a link to apply for jobs and he could access it from any computer.

---

**Indicate if the violation, charge, or penalty was modified.**     _____Yes \_\_\_\_X\_\_\_\_No

Please Check Appropriate Boxes

**Employee Signature agreeing to modified action:** _____ **Date:** _____

**Employee Representative/ Witness Signature:** _____ **Date:** _____

**Department Representative Signature:** _____ **Date:** _____

**Rule(s) Violated:**
- **Section 114-528 (b)(2)** Incompetence, inability or failure to perform assigned duties, including but not limited to loss of job requirements, such as the loss of a required license.
- **Section 114-528 (b)(20)** Any other conduct or action of such seriousness that disciplinary action is considered warranted.

**Basis of Disciplinary action:**

*Rev. May 2023*

Per the attached ADA letter, after participating in the interactive process with Mr. Marria and the Department of Parks and Recreation and based on the accommodations outlined by his healthcare provider, it has been determined that Mr. Marria is unable to perform the essential functions of his job as a Parks Worker III.

The City of Atlanta provided Mr. Marria 60 days from the date he was to return to work (May 29, 2023) to search for qualified jobs on the City of Atlanta's website. This offer to assist Mr. Marria with locating a position within the City does NOT guarantee you a position. The City of Atlanta is required to hire the most qualified applicant.

**Final Adverse Action:** _____**Dismissal**_____    **Effective Date: 7/31/2023**_____

**TO EMPLOYEE**: Pursuant to the City of Atlanta Code 114-547, you may appeal this final adverse action to the City of Atlanta Civil Service Board by completing the Civil Service appeal form and submitting it to the Division of Compliance and Regulation within **five (5) business days** of the effective date of action.

**Employee Signature:** _____    **Date:** 7-27-2023
Please Signature indicates receipt only, not agreement of action taken.

**Commissioner Signature:** _____    **Date:** 7/27/23

**NOTICE MUST BE GIVEN TO THE EMPLOYEE WITHIN THREE (3) DAYS OF THE EMPLOYEE RESPONSE.**

cc:    Employee – Original; Supervisor; Department

*Rev. May 2023*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 410-2023-10339 |

and EEOC

*State or local Agency, if any*

| Name (indicate Mr , Ms., Mrs., Miss, Mx., Dr , Hon , Rev ) | Home Phone | Year of Birth |
|---|---|---|
| Daniel Marria | (404) 879-8570 | |

**Street Address**

369 Connect circle avenue

Atlanta, GA 30307

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CITY OF ATLANTA | 501+ Employees | (404) 546-1287 |

**Street Address**

555 Ralph McGill Blvd NE

Atlanta, GA 30312

| Name | No. Employees Members | Phone No |
|---|---|---|
| | | |

**Street Address**            City, State and ZIP Code

RECEIVED

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| AUG 07 2023 | Earliest | Latest |
| Age, Disability, Retaliation | 11/01/2022 | 07/31/2023 |

EEOC-ATDO

THE PARTICULARS ARE (*If additional paper is needed attach extra sheet(s)*)

I.        I was hired by the above employer around April 1, 2021 as an Equipment Operator III. In 2021, I was involved in two car accidents while on the job, both which I was not at fault. These accidents caused me to develop medical conditions. My Supervisor undermined my conditions and subjected me to poor treatment. I filed grievances regarding his treatment towards me, but my grievances went unaddressed. In November 2022, I underwent major surgery and I was written out of work for 6 months. I was able to return back to work earlier starting April 17, 2023 doing light duty work, however, I suffered a medical episode on my first day back and I was written out of work for 7 days. I informed my Supervisor and sent him my medical documentation. My Supervisor failed to submit my paperwork and HR called me informing me that I was considered to have abandoned my job. The alleged job abandonment was reversed. I submitted an accommodation request for my disabilities. I was placed on administrative leave for 60 days. During this period, I was informed that my ADA could not be extended past May 26, 2023, that I could not be accommodated, and that I could receive assistance to find another position. On July 6, 2023, I submitted a discrimination complaint. I received no response. I requested assistance from HR to be able to use the citys computers to apply for other positions. HR failed to respond to my request for assistance and I was not assisted in any way to find a new position. Instead, on July 31, 2023, I was terminated. I am aware of positions that I was

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date **8-7-2023**            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 410-2023-10339 |

|  |  | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

qualified for and I could have performed with or without an accommodation, however, I was not considered for those positions. I believe that I was also regarded as disabled and terminated due to the medical conditions I developed after being hired. I have been retaliated against since my need for an accomodation, denied a reasonable accommodation, and wrongfully terminated. I do not believe that the above employer effectively engaged in the interactive process with me. I further believe that my age was a factor in my termination as I was the oldest employee.

II.     I believe that I have been discriminated against based on my disability/perceived disability and retaliated against in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I have been discriminated against based on my age (63) in violation of the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date *Charging Party Signature* B-7-2023 | SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE (*month, day, year*) |



## JOHNSON & FREEMAN, LLC™
### ATTORNEYS AT LAW

**"Building Relationships"**

**To:**    Farkhunda ("Farah") Akhtar, Senior Federal Investigator, U.S. Equal Employment Opportunity Commission ("EEOC")

**From:**    Chelsea M. Freeman Dease, Esq.

**Date:**    August 9, 2024

**Re:**    **City of Atlanta ("COA") Position Statement in response to Daniel Marria's EEOC Charge of Discrimination**

### I.    INTRODUCTION

The following is COA's Official Position Statement in response to Daniel Marria's ("Marria") Charge of Discrimination ("Charge"), setting forth the facts relevant to Marria's tenure with COA.

To begin, COA denies it engaged in any form of discrimination or retaliation with respect to Marria and further states it made every concerted effort to reasonably accommodate Marria's needs within the limitations imposed by Marria's employment position.

### II.    RELEVANT FACTS + ANALYSIS

On or about January 27, 2021, COA initiated a Request to Extend Offer for the full-time position of Parks Worker III, assigning Marria as a candidate for the position. *See* Exhibit A.

On or about February 10, 2021, COA issued an offer letter to Marria, offering him the position of Parks Worker III with the Department of Parks and Recreation. *See* Exhibit B. Marria subsequently accepted COA's offer on March 8, 2021. *See id*. Thereafter, Marria commenced work on April 1, 2021. *See* Exhibit C.

On or about February 17, 2022, COA executed an HR Maintenance Turnaround Document retroactively increasing Marria's salary, effective June 24, 2021. *See* Exhibit D.

On or about December 29, 2022, Marria submitted a request for use of Family Medical Leave ("FML") to COA's Human Resources Department. *See generally* Exhibit E. Therein, Marria requested leave from November 2, 2022 through January 29, 2023 and supported his request with medical documentation from Emory University Hospital Midtown, Division of Cardiothoracic Surgery ("Emory"). *See id*. at 5.  Marria reported he was seeking leave due to a serious health

**2 | P a g e**

condition, rendering him unable to perform his essential job functions. *Id*. Notably, Allan Pickens, MD of Emory reported Marria's qualifying medical condition as follows: *Marria had a right upper lobe lung cancer that was removed surgically on November 2. 2022*, which is inconsistent with Marria's allegation that his leave requests were associated with on-the-job incidents. *Id*. It appears from the medical documentation that the cancer was likely preexisting.  Dr. Pickens further reported: *Marria has been limited to only lifting 10-20 lbs for 4-6 wks following surgery*, which necessarily would limit his ability to perform his essential job functions. *See* Exhibit E at 4, 9.  Dr. Pickens finally reported that Marria was permitted to return to work on January 9, 2023. *Id*.

On or about January 6, 2023, COA issued official correspondence, approving Marria's request for FML effective November 2, 2022 through January 6, 2023. *See* Exhibit F. The correspondence further advised that Marria was afforded protections under the Family Medical Leave Act ("FMLA" - 29 U.S. Code Chapter 28). *Id*.  Pursuant to FMLA, COA was required to provide Marria with up to 12 weeks for reasons such as childbirth, adoption, and personal or family illness. Pursuant to FMLA, Marria was further guaranteed that once he returned to work, he would return to the job he held before leave or a job equal in pay and status. *See* Exhibit F.

On or about January 12, 2023, Marria submitted a request for extension of his FML. *See* Exhibit G.  Therein, Marria requested leave from January 9, 2023 through March 10, 2023 to allow for adequate recovery following his cardiothoracic surgery in November 2022. *See id*. at 3. He further advised that due to his serious medical condition he was unable to drive the COA garbage truck, which was an essential function of his COA employment position. *Id*. Significantly, Marria failed to submit any documentation in support of this request.

On or about January 19, 2023, COA issued official correspondence extending Marria's leave through January 24, 2023. *See* Exhibit H. The correspondence further advised that extension of his FML through January 24, 2023 exhausted his twelve weeks of unpaid, job-protected leave under FMLA. *See id*. As such, Marria was expected to return to work on the next scheduled work day.

Notwithstanding the exhaustion of Marria's rights under FMLA, on January 20, 2023, COA issued further official correspondence extending Marria's FML through March 10, 2023 through COA's Donated Leave process *See* Exhibit I. As such, Marria was placed on COA Donated Leave effective December 8, 2022 through March 10, 2023, which meant Marria was on Donated Leave for a total of 13 weeks.

On or about May 2, 2023, Marria submitted an Americans with Disabilities Act ("ADA") reasonable accommodation request for "light duty, to include '…not operating trucks of heavy machinery, not lifting more than 10 pounds, and can pick up litter.'" *See* Exhibit J. The following day, COA issued official correspondence notifying Marria that it was unable to provide the requested accommodation beyond May 26, 2023 "due to [Marria] being the only truck driver at that location, and the department would have to pay other workers additional funding for working out of class if the workers have to perform [his] essential functions beyond 30 days." *Id*. The correspondence further advised that if he would like to return to his position, he would need medical clearance and would need to return on May 29, 2023 without need for further accommodation. *Id.* Under the ADA, COA was required to make reasonable efforts to

3 | P a g e

accommodate Marria. Unfortunately, the undue hardship posed by the accommodation to Marria as a long-term proposition was confounded by COA's financial and operational constraints. Given Marria's employment position required physical labor, reassignment to a vacant position was unworkable.

On or about July 17, 2024, COA issued a Notice of Preliminary Adverse Action ("NPAA") and thereafter issued, on July 24, 2023, Notice of Final Adverse Action ("NFAA"). *See* Exhibit K. COA's NPAA detailed violations pursuant to the following Sections of COA Ordinance Code: §§114-528(b)(2) and b(2), which provide, in relevant part, the following bases for terminating employees:

> **Section 114-528 (b)(2)** Incompetence, inability or failure to perform assigned duties, including but not limited to loss of job requirements, such as the loss of n required license.

> **Section 114-528 (b)(20)** Any other conduct or action of such seriousness that disciplinary action is considered warranted.

*See id.* at 1.

Significantly, Marria returned to work on April 17, 2023 despite his approved leave terminating on March 10, 2023. *Id.* COA further detailed it provided Marria 60 days from May 29, 2023 to locate a more suitable position within COA. *Id.* However, COA specifically advised Marria that such assistance did not guarantee further employment with COA as it was required to hire the most qualified applicant pursuant to COA rules and regulations as well at COA Ordinance Code. *Id.*

On July 24, 2023, during Marria's Show Cause Hearing, Marria was afforded an opportunity to be heard on the relevant NPAA. *Id.* Marria expressed difficulty accessing a computer to apply for open COA positions. *Id.* He was reminded that there was access to computers in COA's library and recreation center. He was also reminded that he had been sent a link, to his e-mail address on file, that would access COA job postings from any computer. *Id.* As a result of the Hearing, Marria's penalty of termination was not modified. *Id.*

COA subsequently terminated Marria effective July 31, 2023. *See* Exhibit C.

On August 7, 2023, Marria filed his Charge, wherein he alleged discrimination based on age, disability, and retaliation.

## III.   CONCLUSION

Marria's Charge is chalk full of unsupported allegations and mischaracterizations. Based on the documentary evidence, it is reasonable to conclude COA processed Marria's leave and accommodation requests in accordance with all applicable laws and regulations (*e.g.,* FMLA and ADA).

**4 | Page**

First, COA extended Marria's leave beyond the protected FMLA period, affording him 6 additional weeks of leave, or up to and through March 10, 2023. *See* Exhibit I.

Second, COA overlooked Marria's unexcused absences between Monday, March 13, 2023 and Friday, April 14, 2023, as Marria did not return to work until Monday, April 17, 2023. *See* Exhibit K at 2. Based on Marria's unexcused absences, it is arguable that Marria abandoned his position. *See* COA Ordinance § 114-528(b)(9) (Abandonment of job. An employee not on authorized leave of absence who, without valid reason, fails to report for work for three consecutive days).

Third, COA made every effort to reasonably accommodate Marria's ADA request and did so between May 2, 2023 and May 26, 2023. *See* Exhibit J. COA's commitment and requirement to hire the most qualified candidate for various open positions severely limited its ability to unilaterally hire Marria for an administrative position, which potentially could have accommodated his physical restrictions. *See* COA City Ordinance §114-77 ("….It shall be the purpose of this article to establish a system in which all personnel matters shall be determined solely on the basis of merit and qualifications, without regard to race, color, sex, national origin, political affiliation, religion, sexual orientation, gender identity, or disability"). Moreover, it is evident from the documentary evidence, Marria failed to take the requisite action to ensure he timely applied for all open positions for which he was qualified. Any inaction on Marria's part with respect to actively pursuing alternative employment cannot and should not be imputed to COA.

Fourth, Marria's personnel file is devoid of any grievances or complaints, which he may have filed pursuant to §114-525 of the COA Ordinance Code, which outlines the process for submission and processing of grievances. *See* Exhibit L.

Fifth, there is no support for Marria's contention that he developed any medical conditions because of his employment with COA. Pursuant to the available medical records, there is no indication Marria's lung cancer was caused by his employment nor is there evidence any retaliatory or punitive conduct was directed towards him based on short-term disability (or at all).

Finally, there is no support for the allegation that Marria was discriminated against based on age. Marria was terminated for failure to satisfy the functions of the job for which he was hired – Parks Worker III. Moreover, the deference he received with respect to his accommodations and leave requests, however unsupported by medical documentation, were processed and instituted to the best of COA's ability.

All in all, there is no evidence to suggest that Marria was treated unfairly or in a discriminatory manner. As such, COA prays the EEOC returns the Charge as unfounded and meritless.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (470) 531-4760
FAX (404) 562-6909/6910
Website: www.eeoc.gov

EEOC Charge No.: 410-2023-10339

Daniel Marria                                    Charging Party
2353 Arkose Drive, Apt. 2
Marietta, GA 30060

City of Atlanta                                  Respondent
555 Ralph McGill Blvd., N.E.
Atlanta, GA 30312

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. (ADA) and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (ADEA) Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that he was discriminated and retaliated against due to his disability and age (63) in violation the ADA and ADEA.

Respondent denies the allegations.

The Commission's investigation did not disclose sufficient evidence to support Charging Party's allegations that he was retaliated and discriminated against due to his age.

The evidence does reveal, however, that Charging Party, who is a qualified individual with a disability, submitted a reasonable accommodation request on May 2, 2023. The evidence shows that Respondent advised Charging Party that the accommodation he sought would not be extended beyond May 26, 2023, and he was instructed to apply for vacant positions. After identifying positions, Respondent required Charging Party to apply and compete for such positions rather than offering him one of them as a lateral transfer as an accommodation. Respondent failed to show that accommodating by transferring him into one of the positions in which he was qualified to perform the essential functions would have been an undue hardship. Hence, Respondent's proffered reasons for both failing to provide a reasonable accommodation and terminating Charging Party do not withstand scrutiny and are pretext for unlawful discrimination.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that Charging Party was discriminated against and discharged, in violation of the ADA.

Letter of Determination
EEOC Charge Number 410-2023-01662
Page 2

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email trey.pyle@eeoc.gov **within ten (10) days from the date of this Letter of Determination**.

When Respondents decline to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

You are hereby reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

July 1, 2025
Date

Darrell E. Graham
Director
Atlanta District Office